testified on his direct that he attempted to get on the car backward, that he had an umbrella and a small parcel in his right hand, attempted to get on, took hold with his left hand on the upright of the car and his right foot on the board, and that the car stopped. But on cross-examination he said: "It might be moving a little bit. A child could have got on it, though. I say a child could have got on." The only other witness to the alleged accident said he hailed the car, the car stopped, and he tried to get on. Upon this state of the evidence, for none was offered by the defendant, except as to the absence of any report of the alleged accident, and under the pleading, it was error and afforded a good exception, to charge:

"The mere fact of a car moving does not militate against the plaintiff. The law says it becomes a question for you to say whether or not that was negligence on the part of the defendant. If the plaintiff could reach the car, and the car was slowly moving, the law leaves it for you to say whether or not the plaintiff was guilty of negligence at attempting to board the car at that time."

It was further error to refuse to charge:

"That the plaintiff in his complaint in this case alleged that the car came to a standstill for the purpose of allowing him to board it, and that if the jury believes that the car was moving when he attempted to board the car, no matter how slightly, that the verdict must be for the defendant."

See Coleman v. Met. St. Ry. Co., 82 App. Div. 435, 81 N. Y. Supp. 836.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs. GILDERSLEEVE, J., taking no part.

---

(48 Misc. Rep. 638)

### MULLARKEY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

APPEAL—REVIEW—HARMLESS ERROR—REMARKS OF COUNSEL.

There being doubt as to the sufficiency of the evidence, judgment for plaintiff will be reversed for statements of his counsel to the jury, unsupported by the evidence, and calculated, as well as designed, to prejudice them against defendant.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4135.]

Appeal from City Court of New York.

Action by James Mullarkey against the Interurban Street Railway Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bayard H. Ames and E. Merriam Bagg, for appellant.

Otto Horwitz, for respondent.

PER CURIAM. This case has been twice tried; a former judgment in behalf of plaintiff having been reversed (88 N. Y. Supp. 699) on the ground that the verdict was against the evidence. The evidence to sustain the verdict in the present case is by no means satisfactory; but, after two juries have arrived at the same conclusion as to the facts, we should be disposed to accept the second verdict, were it not for the persistence of plaintiff's counsel in making statements to the jury unsupported by any evidence in the case, and calculated, as well as designed, to prejudice the jury against the defendant. In a case where there is so much doubt, as in the present, whether the evidence is sufficient to sustain the verdict, we may not say that these irrelevant and improper statements did not turn the scale in plaintiff's favor.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.